**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN COLLINS,

          Plaintiff-Appellant,

v.

COUNTY OF ALAMEDA, et al.,

          Defendants-Appellees.

No.   22-16871

D.C. No. 3:20-cv-05477-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 13, 2024
San Francisco, California

Before:  S.R. THOMAS, MCKEOWN, and CHRISTEN, Circuit Judges.

Plaintiff-appellant Kevin Collins appeals from the district court's grant of

summary judgment for Defendants.  Collins' complaint alleged, *inter alia*, false

arrest and constitutional violations arising from his arrest for the shooting of

Radajsha Briggs.  We have jurisdiction under 28 U.S.C. § 1291 and review de

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

novo. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). Because the parties are familiar with the history of the case, we need not recount it here. For the reasons below, we affirm.

I

The district court properly granted summary judgment on Collins' judicial deception false arrest claim against Officer Joel Hight. Collins argues that Officer Hight misrepresented the evidence against Collins in his probable cause affidavit and preliminary hearing testimony, and that this misled the court to believe that there was a reasonable probability that Collins committed the shooting.

To maintain a judicial deception claim, a plaintiff "must 1) make a substantial showing of [the officers'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the [searches and arrest] would not have occurred." *Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011) (alteration in original) (citation omitted). Collins' claim does not satisfy the second prong because he cannot show that his arrest would not have occurred but for Officer Hight's misrepresentations.

Officer Hight's affidavit omitted certain evidence pointing away from Collins (e.g., that during the first photo lineup, Briggs identified someone other than Collins as the shooter) and included an allegedly false representation that

2

Briggs had an emotional reaction to Collins' photo during the second photo lineup. During his preliminary hearing testimony, Officer Hight repeated some of the same statements, corrected others, suggested that two anonymous callers (rather than one) had identified the vehicle rented to Collins as the vehicle used in the shooting, and suggested that Briggs reported certain evidence directly to Officer Hight (rather than to a different officer).

The district court properly concluded that correction of these alleged misrepresentations would have shifted the weight of the evidence against Collins, but it would not have erased probable cause. During the second photo lineup, Briggs identified Collins as the person who shot her. Identifications supplied by victims are generally sufficient to provide probable cause on their own, unless the identification procedure was impermissibly suggestive and the witness did not exhibit sufficient indicia of reliability. *Grant v. City of Long Beach*, 315 F.3d 1081, 1086 (9th Cir. 2002). Even without Briggs' identification, probable cause would have been established from the facts that Collins was renting a vehicle that matched the vehicle used in the shooting, and that Collins' physical appearance matched Briggs' description of the suspect. *See United States v. Gaines*, 563 F.2d 1352, 1358 (9th Cir. 1977) ("A police officer armed with information as to the color of a vehicle, its make and model, its license plate number, plus identification

3

information and an occupant's own statement of use of the automobile during the period in question had probable cause to arrest . . . ."). In sum, Officer Hight's alleged misrepresentations may have improperly bolstered the evidence against Collins, but they were not material to the finding of probable cause.

Collins' contentions that genuine disputes of material fact preclude summary judgment are not persuasive. Summary judgment is appropriate when "viewing the evidence in the light most favorable to the nonmoving party," there are no "genuine issues of material fact." *Cal. All. of Child & Fam. Servs. v. Allenby*, 589 F.3d 1017, 1020 (9th Cir. 2009) (citation omitted).

First, Collins argues that each alleged false statement and omission is a disputed material fact. However, the district court proceeded under the assumption that the facts were misrepresented; therefore, there was no dispute as to material facts in the summary judgment decision.

Second, the fact that Officer Hight may have made misrepresentations does not put the credibility of his overall investigatory findings at issue. *See Peng v. Mei Chin Penghu*, 335 F.3d 970, 979 (9th Cir. 2003) (holding that inconsistencies in an officer's testimony and police report "do not establish that [the officer] fabricated evidence"); *see also Dep't of Com. v. U.S. House of Representatives*, 525 U.S. 316, 331 (1999) (holding that "detail[ing] various deficiencies" in an

4

expert's report did not raise a genuine issue of material fact as to expert's ultimate conclusion).

Third, facts related to when and why Briggs changed her description of the suspect and whether she asked to redo the photo lineup are not genuinely disputed. Collins seems to suggest that Officer Hight's and Briggs' testimony—the only evidence bearing on the facts at issue—is inherently not credible. To create a genuine dispute, Collins cannot merely assert that the defense evidence seems unbelievable, rather, "there must be evidence on which the jury could reasonably find for [Collins]." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Absent any contradictory evidence, the defense's version of the facts remains undisputed. In sum, the alleged misrepresentations were not material under applicable law. Accordingly, summary judgment was appropriately entered.[1]

## II

The district court properly concluded that Deputy District Attorney (DDA) Dooher was entitled to qualified immunity for Collins' Fourteenth Amendment

---

[1] By failing to specifically and distinctly argue it in his opening brief, Collins waived any challenge to the district court's conclusion that Officer Hight was entitled to qualified immunity on Collins' challenge to the facial validity of the arrest warrant (i.e., the "garden-variety" false arrest claim). *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

claim alleging that she sanctioned an unreasonably suggestive photo lineup. "To determine whether qualified immunity applies in a given case, we must determine: (1) whether a public official has violated a plaintiff's constitutionally protected right; and (2) whether the particular right that the official has violated was clearly established at the time of the violation." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). Here, Collins did not satisfy the second requirement of showing that the right allegedly violated was clearly established at the time of the alleged violation.

"The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). Collins must "identify a case where an [official] acting under similar circumstances as [DDA Dooher] was held to have violated the [Fourteenth] Amendment. *See White v. Pauly*, 580 U.S. 73, 79 (2017). Collins has not identified any such case.

Collins' cases standing for broad general propositions about suggestive lineups, such as *Neil v. Biggers*, 409 U.S. 188 (1972), do not clearly establish a rights violation in Collins' circumstances. *See District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018) ("[C]ourts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official

acted reasonably in the particular circumstances that he or she faced." (internal quotation marks and citation omitted)).

*Simmons v. United States*, 390 U.S. 377 (1968) does not support Collins' argument that the lineup was unreasonably suggestive because Collins was included in two successive lineups and his photo was the only one repeated in both lineups. *Simmons* held that the single photo lineup at issue—in which the defendant appeared several times—was *not* unreasonably suggestive. 390 U.S. at 382–86; *see also United States v. Davenport*, 753 F.2d 1460, 1463 (9th Cir. 1985) (upholding an in-person lineup following a photo spread in which the defendant was the only individual common to both procedures).

Collins also takes issue with the decision to crop the backgrounds out of all photos, as well as the fact that Collins' face was positioned at an angle while all of the "filler" faces were positioned head on. Collins provides no on-point precedent to support his contentions that these features were unnecessarily suggestive. On the other hand, controlling caselaw establishes the permissibility of these features. A lineup is suggestive when "circumstances lead[] the witness to identify a particular person as the perpetrator of a crime." *Perry v. New Hampshire*, 565 U.S. 228, 232 (2012). Cropping all photos in the same manner does not make any one photo stand out—it achieves the opposite effect. And insubstantial differences in

facial position do not imply that witnesses should identify a particular person as the perpetrator. *See United States v. Burdeau*, 168 F.3d 352, 357–58 (9th Cir. 1999) (rejecting contention that lineup was impermissibly suggestive because, *inter alia*, the defendant was the only one pictured with his eyes closed).

Collins argues that there is a genuine dispute of material fact as to whether DDA Dooher was informed that Briggs requested a second lineup. That fact is immaterial. Collins has not pointed to any law clearly establishing that a second lineup involving the same suspect is only constitutional if it is supported by a persuasive justification, so it does not matter whether DDA Dooher knew of the justification for the lineup. *See Anderson*, 477 U.S. at 248 (describing a material fact as one that "might affect the outcome of the suit under the governing law" and is not "irrelevant or unnecessary"). DDA Dooher's knowledge is also not genuinely disputed. Because DDA Dooher cannot remember the conversation she had with Officer Hight, there is only one account of that conversation: Officer Hight's testimony. *See Fed. Election Comm'n. v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002) ("[F]ailure to remember and lack of knowledge are not sufficient to create a genuine dispute.").

Accordingly, the district court properly concluded that DDA Dooher was entitled to qualified immunity on the Fourteenth Amendment claim.

## III

The district court also properly concluded that DDA Dooher was entitled to qualified immunity for the Fourth Amendment claim based on the wall-off stop. A wall-off stop is a traffic stop supported by reasonable suspicion of a traffic violation, during which the person detained is not informed that he is a suspect in a different investigation. Wall-off stops are legal. *Cf. United States v. Magallon-Lopez*, 817 F.3d 671, 675 (9th Cir. 2016). Collins argues that DDA Dooher violated his clearly established rights to be free from (1) unconstitutional prolongation of a traffic stop, and (2) unconstitutional seizure of his image.

First, there is no "evidence on which [a] jury could reasonably find" that DDA Dooher agreed to an unreasonably prolonged traffic stop. *See Anderson*, 477 U.S. at 252. Viewing the evidence in the light most favorable to Collins, we assume that DDA Dooher authorized the use of a wall-off stop to obtain an updated photo of Collins and discussed capturing the photo using an officer's body camera. Collins has not provided any explanation for why capturing an image with a body camera would require unlawful prolongation. Even if the stop as conducted was unlawfully prolonged, there is no evidence that DDA Dooher authorized it.

Second, DDA Dooher did not sanction any violation of Collins' right to privacy. Photographing or videotaping a suspect in a car on the street—a public

place—does not require a warrant.  On the contrary, "the police may record what they normally may view with the naked eye" without violating the Fourth Amendment.  *See United States v. Taketa*, 923 F.2d 665, 677 (9th Cir. 1991).

Thus, the district court properly determined that DDA Dooher was entitled to qualified immunity on the Fourth Amendment claim.

**AFFIRMED.**